IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


JACKIE LEE WILLIAMS
ADC #093224                                                                                          PETITIONER


VS.                                       5:07CV00065 JTR


LARRY NORRIS, Director,
Arkansas Department of Correction                                                      RESPONDENT


**ORDER**

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus. (Docket entry #1.) Petitioner challenges his February 28, 1996, conviction for rape in Pulaski County Circuit Court, for which he was sentenced to 25 years' imprisonment.[1] Petitioner asserts seven claims for relief, including a claim for ineffective assistance of counsel in which he argues that his lawyer was ineffective for failure to present certain defenses at trial and for failure to raise certain arguments on direct appeal. Respondent argues that all of Petitioner's claims are procedurally defaulted, because he failed to properly present them in state court.

Notably, Petitioner attempted to pursue certain postconviction claims in state court through three writs requesting state habeas corpus relief, all of which were denied. In replying to

---

[1] Petitioner was originally charged "in a single information with three counts of rape in connection with sexual assaults that had been committed against three prostitutes in 1994." *See Williams v. State*, 2000 WL 546653 at *1 (Ark. 2000) (unpublished *per curiam*). The three counts were ultimately severed for trial. The Count Two conviction and sentence is at issue in this case. Petitioner was later tried and convicted of the Count One and Count Three rapes in separate trials, receiving life sentences that were ordered to run consecutive to the sentence in this case.

Respondent's procedural default defense, Petitioner claims (for the first time) that, on July 25, 2000, he filed a "Rule 37 on all three counts," and that he has a copy of the Rule 37 Petition. (Docket entry #13 at 5.) Petitioner suggests that this Rule 37 petition remains pending and has never been ruled upon. However, Petitioner has not provided the Court with a copy of the Rule 37 Petition, and he does not identify what specific claims he purportedly raised. Neither has Respondent indicated whether a Rule 37 Petition remains pending.

In order to evaluate whether Petitioner has exhausted his ineffective assistance of counsel claim, and to evaluate whether Petitioner has properly raised ineffective assistance of counsel as cause to excuse procedural default, the Court needs clarification of the record to determine whether there remains a Rule 37 Petition pending in the underlying state court case. Therefore, the Court will direct Petitioner to provide the Court with a copy of the Rule 37 Petition. Furthermore, the Court will direct Respondent to provide the Court with a copy of the docket sheet from the underlying criminal case.

Second, the Court notes that Respondent did not raise the statute of limitations as a defense in its response. However, in *Day v. McDonough*, 546 U.S. 198 (2006), the Court held that the habeas statute of limitations is non-jurisdictional and may be raised at the district court level *sua sponte*, provided that a habeas petitioner is afforded notice and an opportunity to respond to the applicability of the limitations period.

Petitioner's conviction and sentence appear to have become final *before* the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996. The Eighth Circuit has consistently held that, if a habeas petitioner's conviction became "final" before the AEDPA was enacted, the petitioner has a one-year "grace period," from the date of the enactment

of the AEDPA (as opposed to the date on which the conviction became final), to file a federal habeas action. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). Thus, if a petitioner's state conviction became final anytime before April 24, 1996, he had until April 24, 1997, to file his habeas action in federal court. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

The habeas Petition, filed on March 26, 2007, appears to have been filed outside of the AEDPA one-year grace period. Therefore, the Court will also direct Petitioner to file a Response setting forth any reasons he believes why his habeas Petition was timely filed, including whether he is entitled to tolling of the limitations period. Respondent shall file thereafter a Reply addressing Petitioner's argument.

IT IS THEREFORE ORDERED THAT:

1.  Petitioner shall file a Response containing the information set forth in this Order within thirty (30) days of the entry of this Order.

2.  Respondent shall file a Reply containing the information set forth in this Order within eleven (11) days of the filing of Petitioner's Response.

Dated this 17th day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE