## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JACKIE LEE WILLIAMS
ADC #093224                                                                                               PETITIONER

VS.                                            5:07CV00065 JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                                RESPONDENT

### ORDER

Pending before the Court is Petitioner's Notice of Appeal of the Court's dismissal of his § 2254 habeas action.[1] (Docket entry #26.) The Court will construe Petitioner's Notice as a Motion for a Certificate of Appealability.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that an appeal from the dismissal of a habeas action cannot be taken unless the trial court or the court of appeals grants the prisoner a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). In *Slack v. McDonnell*, 529 U.S. 473, 478 (2000), the Supreme Court held that when a district court denies a habeas petition on procedural grounds, without reaching the merits of the underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484 (emphasis

---

[1] On March 31, 2009, the Court dismissed this habeas action, with prejudice, because the Petition was filed outside of the one-year statute of limitations imposed by 28 U.S.C. § 2244(d), and Petitioner failed to demonstrate a basis for tolling the limitations period. (Docket entries #23-#24.)

added).  Importantly, the COA request must be denied if the prisoner fails to satisfy either prong of this two-part test.  *Id*. at 485.

Based upon well-established and controlling precedent, the Court concludes that jurists of reason would *not* find it debatable whether this Court was correct in making its procedural ruling. Accordingly, the Court will deny Petitioner's Motion for a COA.  If Petitioner wishes to appeal the Court's dismissal of his habeas action, he must obtain a COA from the *Eighth Circuit Court of Appeals* pursuant to 28 U.S.C. § 2253(c).

IT IS THEREFORE ORDERED THAT Petitioner's Notice of Appeal, construed as a Motion for a Certificate of Appealability (docket entry #26), is DENIED.

Dated this 12th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE